UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VIET QUOC VU,

    Plaintiff,

v.                                       Case No.:  8:24-cv-01229-JLB-AEP

CLEAR BLUE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint And/or Alternative Motion to Strike Claim for Attorneys' Fees. (Doc. 13). Plaintiff timely filed a response. (Doc. 15). Defendant filed a reply. (Doc. 17). The Court strikes the reply for Defendant's failure to request the Court's leave prior to filing.[1]

As set forth herein, the Court finds that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 13) is **GRANTED**, and Defendant's Alternative Motion to Strike Claim for Attorneys' Fees (Doc. 13) is **DENIED**.

---

[1] Middle District of Florida Local Rule 3.01(d) states that "no reply as a matter of right" exists for motions to dismiss, and "no party may reply without leave."

1

## BACKGROUND[2]

This action is a homeowners' insurance coverage dispute. Plaintiff Viet Quoc Vu is the insured. (Doc. 1-1 at 1). Defendant Clear Blue Insurance Company is the insurer. (*Id.*). Plaintiff sustained a loss to its property as a result of Hurricane Ian and filed a claim. (*Id.* at ¶ 8). Defendant initially denied Plaintiff's claim but, after inspecting the property, agreed the policy covered the loss. (*Id.* at ¶ 10). Since then, Defendant has failed to remit payment for the loss. (*Id.* at ¶ 11).

Plaintiff pleads counts for breach of contract (Count I) and declaratory judgment (Count II). (*Id.* at ¶¶ 14–27). Plaintiff alleges that Defendant breached the insurance policy by failing to remit payment for Plaintiff's loss. (*Id.* at ¶ 19).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[3], a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere labels and conclusions, and a formulaic

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Complaint (Doc. 1).

[3] The Court construes Defendant's erroneous citation to Florida Rule of Civil Procedure 1.140(b)(6), "failure to state a cause of action," as if they cited to its federal counterpart, Federal Rule of Civil Procedure 12(b)(6).

2

recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

In the declaratory judgment claim, Plaintiff seeks a declaration from the Court of "whether the Policy issued by Insurer to Insured provides coverage to Insured for the Loss." (Doc. 1-1 at ¶ 22). Similarly, the breach of contract claim alleges Defendant breached the policy's terms through its failure to provide coverage. (*Id.* at ¶ 19).

Defendant argues that dismissal of the declaratory judgment claim is warranted because Plaintiff fails to allege a "bona fide dispute between the parties and an actual and present need for the declaration." (Doc. 13 at ¶ 5). Defendant asserts that Plaintiff does not allege an ambiguous policy provision that requires the Court's clarification (*id.* at ¶ 6), and the breach of contract claim already provides Plaintiff with complete relief (*id.* at ¶¶ 8–9). Plaintiff contends that dismissal is improper because he is entitled to a declaration of his rights, and the alternative relief within the breach of contract claim does not preclude the declaratory judgment action. (Doc. 15 at 4).

Although the declaratory judgment claim is brought under Florida's Declaratory Judgment Act, the case has been removed to federal court where the federal Declaratory Judgment Act governs. *4205 Pine Island LLC v. Scottsdale Ins. Co.*, No. 2:23-CV-1235-JLB-NPM, 2024 WL 1806274, at *2 (M.D. Fla. Apr. 25,

2024); *Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 881 (11th Cir. 2016) ("Because the Florida Declaratory Judgment Act is procedural as opposed to substantive, the district court did not err in construing the Coccaros' cause of action as a claim for declaratory and injunctive relief brought under 28 U.S.C. § 2201 exclusively.").

Defendant's argument that the declaratory judgment claim should be dismissed because it is "subsumed by [the] breach of contract claim" fails. (Doc. 13 at ¶ 8). This Court has repeatedly rejected the contention that declaratory judgment claims should be dismissed under Rule 12(b)(6) for being redundant. *Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-CV-297-JLB-NPM, 2022 WL 2356972, at *4 (M.D. Fla. June 30, 2022) ("Rule 12(b)(6) is a vehicle to challenge a claim's sufficiency. Redundancy is not insufficiency, and it is not a ground for dismissal under Rule 12(b)(6)."); *Egalton v. Hartford Ins. Co. of Midwest*, No. 2:23-CV-1061-JLB-KCD, 2024 WL 3415250, at *1 (M.D. Fla. Apr. 15, 2024); *G&M Ests. USA, Inc. v. Indian Harbor Ins. Co.*, No. 2:23-CV-842-JLB-NPM, 2024 WL 3226747, at *3 (M.D. Fla. June 28, 2024). Although the declaratory judgment claim is duplicative of the breach of contract claim,

> [t]he Court finds that redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim. Upon review, the Court need not conclude whether or not the declaratory judgment claims are subsumed by the breach of contract claims because the Court is persuaded to not dismiss the claim. In reaching this conclusion, the Court notes that there is no additional burden to Defendant in defending all claims. Since the breach of contract claim will proceed, discovery will occur in this case. If the declaratory judgment claim is

4

> subsumed by the breach of contract claim, there will be no additional discovery burdens as a result of the presence of the other claim. Further, this issue may be better addressed at the summary judgment stage, after discovery is completed. Thus, at this stage of the litigation, Plaintiff has plausibly alleged a declaratory judgment claim.

*Collaboration Betters the World, Inc. v. Hertz Corp.*, No. 2:23-CV-131-JES-KCD, 2023 WL 4705837, at *4 (M.D. Fla. July 24, 2023) (internal citation omitted).

Notwithstanding that ground, the declaratory judgment claim is still due to be dismissed. Declaratory judgment claims must identify the contractual provision requiring clarification by the Court or else be subject to dismissal. *Golfview Motel, Inc. v. Scottsdale Ins. Co.*, No. 22-CV-0831, 2020 WL 7127127, at *1 (M.D. Fla. Dec. 4, 2020) ("Identification of a contractual provision needing clarification is needed to state a claim for declaratory judgment[.]"); *4205 Pine Island LLC v. Scottsdale Ins. Co.*, , at *2 (dismissing a declaratory judgment claim when Plaintiff "fail[ed] to identify a specific clause that require[d] Court clarification"). Here, Plaintiff fails to identify a contractual provision that requires the Court's clarification—but instead asks the Court to *generally* declare "whether the Policy issued by Insurer to Insured provides coverage to the Insured for the Loss." (Doc. 1-1 at 4). Plaintiff neither alleges the specific type of loss sustained (other than general storm damage from Hurricane Ian), nor the policy provision from which it seeks to recover. (Doc. 1-1). Thus, the declaratory judgment claim is dismissed with leave to amend.

Additionally, the Court has grave concerns regarding the sufficiency of the breach of contract claim as currently pleaded. Although detailed factual allegations

5

are not required, the breach of contract claim must go beyond "naked assertion[s]." *Bell Atl. Corp.*, 550 U.S. at 557. "A plaintiff alleging a property loss must, at a minimum, allege specifically how the damage occurred and what damage occurred." *Well Done Mitigation v. Westchester Surplus Lines Ins. Co.*, No. 2:23-CV-1068-JLB-NPM, 2024 WL 4135840, at *3 (M.D. Fla. Sept. 10, 2024) (collecting cases) (internal citations omitted). Plaintiff merely alleges a "covered loss as a result of Hurricane Ian" and that the property "sustained damage which the [i]nsurance [c]ompany agreed to provide coverage for under the terms of the [p]olicy." (Doc. 1-1 at ¶¶ 8, 17). Such conclusory allegations are not enough. The Court *sua sponte* dismisses the breach of contract claim and provides Plaintiff with leave to amend.[4] *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071–72 (11th Cir. 2007) (affirming *sua sponte* dismissal of a claim when leave to amend the complaint was given).

Accordingly, the Court dismisses both counts with leave to amend. Also, Defendant's alternative request to strike attorneys' fees is denied as moot.

---

[4] Unlike the case here, the Eleventh Circuit prohibits *sua sponte* dismissals under Rule 12(b)(6) where: "1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 13) is **GRANTED**.

2. The Complaint (Doc. 1-1) is **DISMISSED without prejudice**, and Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

3. Defendant's Alternative Motion to Strike Claim for Attorneys' Fees is **DENIED**.

4. Defendant's Reply to Plaintiff's Response to the Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 17) is **STRICKEN**.

**ORDERED** in Tampa, Florida on November 7, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE